## COMMONWEALTH *vs.* JOSE M. MADERA.

Hampden. January 4, 1988. — April 13, 1988.

Present: WILKINS, ABRAMS, NOLAN, LYNCH, & O'CONNOR, JJ.

*Search and Seizure,* Arrest, Container, Probable cause. *Probable Cause. Constitutional Law,* Search and seizure, Probable cause. *Evidence,* Admissions and confessions.

Police officers' warrantless, contemporaneous search of a closed bag carried by a defendant when they lawfully arrested him, which they had probable cause to believe contained contraband, was not unreasonable under the Fourth Amendment to the United States Constitution. [158]

At the trial of a defendant whom police officers had lawfully arrested in the belief, founded on probable cause, that he was carrying heroin, art. 14 of the Massachusetts Declaration of Rights did not require suppression from evidence of a quantity of white powder, later identified as heroin, found by police in a warrantless, contemporaneous, but not exigent search of a closed bag that the defendant was carrying when arrested. [160-161]

INDICTMENTS found and returned in the Superior Court Department on August 9, 1985.

A motion to suppress evidence was heard by *John F. Moriarty,* J., and the cases were heard by *Ernest S. Hayeck,* J., sitting under statutory authority.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*Carlo Obligato,* Committee for Public Counsel Services, for the defendant.

*Edward B. Fogarty,* Assistant District Attorney, for the Commonwealth.

WILKINS, J. We are concerned with the admissibility of evidence found during a warrantless search of a gym bag that the defendant was carrying when the police lawfully arrested him. The defendant argues that the search was unreasonable in violation of the Fourth and Fourteenth Amendments to the

Constitution of the United States and art. 14 of the Declaration of Rights of the Constitution of the Commonwealth. We affirm the defendant's conviction of trafficking in heroin. G. L. c. 94C, § 32E (c) (2) (1986 ed.). The only issue here concerns the denial of the defendant's motion to suppress the evidence found when the police searched his gym bag.

For some time prior to the night of the defendant's arrest, the narcotics squad of the Springfield police department had been investigating the activities of one Hector Rodriguez, thought to be a dealer of heroin in the Springfield area. The police were aware of a connection between Rodriguez and the defendant, and, more particularly, they were told by an informant on May 14, 1985, that the two were going to New York City to buy a large quantity of heroin. The police learned that the purchase had been made on May 16, that Rodriguez was returning to Springfield by motor vehicle, and that the defendant would return to Springfield by bus where Rodriguez would meet him. Several police officers went to the bus terminal to await the defendant's arrival. Rodriguez arrived, was questioned, made certain admissions, and said that it was the defendant who had purchased the heroin and that he was on his way back with it.

At 11:40 P.M. the defendant stepped off a bus from New York City and within thirty feet of the bus was arrested in the presence of six or seven plainclothes police officers. He was searched. The police also unzipped and searched a canvas gym bag that the defendant was carrying on his shoulder. They found in the gym bag a plastic bag containing 1,791 gold or copper colored bags of a white powder that was later identified as heroin.

After a hearing on the defendant's motion to suppress the evidence seized in the gym bag, the judge ruled that the police had had probable cause to believe the defendant was carrying a controlled substance, that the arrest of the defendant was valid, and that the police had had a right to look into the gym bag, while the arrest was occurring, as a search incident to an arrest because the bag could have held a weapon or narcotics and because the safety of the officers and the public required it.

The defendant waived a jury trial, was found guilty, and has appealed, challenging only the ruling on his motion to suppress. We transferred the appeal here on our own motion.

1. The search of the gym bag was not an unreasonable search under the Fourth Amendment. Since *New York* v. *Belton,* 453 U.S. 454 (1981), courts have generally accepted as proper for Fourth Amendment purposes the search incident to an arrest of any container carried by a lawfully arrested person. See *United States* v. *Litman,* 739 F.2d 137, 139 (4th Cir. 1984) (contemporaneous search of shoulder bag in close proximity to person arrested upheld); *United States* v. *Singer,* 687 F.2d 1135, 1146 (8th Cir. 1982) (lawful search incident to arrest of folder carried by defendant at time of arrest), rev'd on other grounds on rehearing en banc, 710 F.2d 431 (8th Cir. 1983); *Alston* v. *United States,* 518 A.2d 439, 444-445 (D.C. 1986); *Savoie* v. *State,* 422 So.2d 308, 313-314 (Fla. 1982). Cf. *People* v. *Gokey,* 60 N.Y.2d 309, 312 (1983) (noting that under *New York* v. *Belton,* "a custodial arrest will always provide sufficient justification for police to search any container within the 'immediate control' of the arrestee," but holding under the State Constitution that the warrantless search was unreasonable because there were no exigent circumstances).[1] Whatever one's opinion may be as to the expansive range of reasonable searches incident to arrest expressed in the *Belton* case, it seems established, for now at least, that the Fourth Amendment is not violated when the police make a contemporaneous search of a container that a person is carrying at the time of his lawful arrest, even if the police have taken exclusive control of the container and even if it is unlikely that the search will disclose a weapon or evidence of the crime for which the arrest was made. See 2 W.R. LaFave, Search and Seizure § 5.5(a), at 535-536 (2d ed. 1987 & 1988 Supp.). In the case before us, the situation is not so extreme because the police did have probable cause to believe the bag contained contraband.

---

[1] Although the *Belton* case involved the search of an item found in a motor vehicle, the Court expressly disclaimed reliance on the so-called automobile exception to the warrant requirement of the Fourth Amendment. See 453 U.S. at 462 n.6.

2. The easy answer to the Fourth Amendment issue in this case does not help to resolve the defendant's challenge under Massachusetts law to the seizure of the contents of his gym bag. Although he cites G. L. c. 276, § 1 (1986 ed.), as an example of the more restrictive view of the law of the Commonwealth takes of the lawfulness of searches incident to arrest, the defendant does not rely on § 1, nor did he before the Superior Court. The crucial portion of that section, quoted in the margin,[2] was enacted to limit the applicability in the Commonwealth of *United States* v. *Robinson,* 414 U.S. 218 (1973), which upheld the admissibility of contraband found in a defendant's coat pocket during a search made at the time of his arrest for an unrelated crime. See *Commonwealth* v. *Toole,* 389 Mass. 159, 161 (1983). Section 1 requires the exclusion of evidence (not otherwise admissible) of an unrelated crime found during a search incident to a lawful arrest unless the search was conducted to gather evidence of the first crime or to look for weapons. Although § 1 might be read literally to do so, it has not been treated as regulating the admissibility of evidence of the crime for which the defendant was lawfully arrested that was found during a search incident to that arrest. See *Commonwealth* v. *Wilson,* 389 Mass. 115, 118 (1983) (by the post-*Robinson* amendment to G. L. c. 276, § 1, "the Legislature signaled its disapproval of the general rule that *evidence of another crime* found during a search incident to arrest may be admitted in evidence against the arrested person" [emphasis supplied]); *Commonwealth* v. *Beasley,* 13 Mass. App. Ct. 62, 64 (1982) ("The search [of an envelope found in a glove compartment] was lawful under [§ 1], because it was directed to obtaining other evidence of the crime for which the defendant had been arrested"). Section 1, therefore, does not provide a

---

[2] "A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings."

basis for deciding this case without reaching the defendant's challenge under art. 14.

3. The defendant does argue that art. 14 ("a right to be secure from all unreasonable searches, and seizures") furnishes him with protection that the Fourth Amendment does not, that the warrantless search of his bag violated art. 14, and that incriminating evidence seized in that search must be suppressed. From time to time, we have noted that art. 14 might provide greater protection against search and seizure than the Fourth Amendment does. See *Commonwealth* v. *Brillante,* 399 Mass. 152, 156 n.7 (1987); *Commonwealth* v. *Upton,* 394 Mass. 363, 373 (1985); and cases cited. We have excluded evidence under art. 14 without regard to whether the evidence was inadmissible under Fourth Amendment principles. See *Commonwealth* v. *Ford,* 394 Mass. 421, 426-427 (1985).

There was no justification for the warrantless search in this case on the ground that the police were concerned for their safety and searched for a weapon to which the defendant might seek access. Nor is this a case in which the search of the seized container was justified because there was a risk the defendant might destroy the evidence. These concerns may be good reasons in some circumstances for a warrantless search of a container following an arrest on probable cause, but here the police presence was substantial and the risk of the defendant successfuly repossessing the bag was minimal. We prefer not to rely on the existence of a tenuous or perhaps even imaginary exigency to uphold the search.

The proper question, in our view, is whether art. 14 requires the suppression of a controlled substance found during a warrantless, contemporaneous, but not exigent search of a closed container carried by a person whom the police lawfully arrested in the belief, founded on probable cause, that he was unlawfully carrying a controlled substance. The defendant's arrest and the seizure of the bag were constitutionally proper, as the defendant agrees. There certainly was probable cause to search the bag. To require a search warrant in such a case would afford insignificant protection to a defendant and would unnecessarily burden the criminal justice system. The conclusion we reach is

particularly acceptable because we are dealing here with evidence of a crime for which the defendant already had been arrested on probable cause and not with evidence of an unrelated crime the police stumbled upon inadvertently.

The police are entitled to a bright line rule that permits them, even in the absence of exigent circumstances, to search a bag carried by a person whom they lawfully arrest on probable cause, or otherwise, where there is also probable cause to believe that the bag contains evidence of the crime for which the arrest was made. Because art. 14 does not forbid such a rule, the search of the defendant's bag was lawful under art. 14.

*Judgment affirmed.*