COMMONWEALTH *vs.* DEMETRIUS A. PHIFER.

Suffolk. September 6, 2012. - December 5, 2012.

Present: IRELAND, C.J., SPINA, CORDY, BOTSFORD, GANTS, DUFFLY, & LENK, JJ.

*Controlled Substances. Practice, Criminal,* Motion to suppress. *Telephone. Cellular Telephone. Search and Seizure,* Search incident to lawful arrest.

A judge of the Boston Municipal Court Department properly denied a criminal defendant's pretrial motion to suppress evidence obtained from a police officer's warrantless search of his cellular telephone, which had been seized from him after his arrest and at the time of booking, where the defendant agreed that his arrest was lawful and did not appear to challenge the seizure of his telephone incident to that arrest, and where the officer performed only a limited search of the telephone's recent call history, which he had probable cause to believe contained evidence directly relating to the crime for which the defendant was arrested. [792-798] GANTS, J., concurring.

COMPLAINT received and sworn to in the East Boston Division of the Boston Municipal Court Department on July 12, 2011.

A pretrial motion to suppress evidence was heard by *Robert Ronquillo, Jr.,* J.

An application for leave to file an interlocutory appeal was allowed by *Cordy,* J. in the Supreme Judicial Court for the county of Suffolk, and the appeal was reported by him.

*Patrick J. Murphy* for the defendant.

*Zachary Hillman,* Assistant District Attorney, for the Commonwealth.

BOTSFORD, J. The defendant, Demetrius A. Phifer, was charged in a two-count complaint with distribution of a class B substance and a drug violation near a school or park, in violation of G. L. c. 94C, §§ 32 (*a*) and 32J, respectively. He moved to suppress evidence obtained from a warrantless search of his cellular telephone, which had been seized from him after his arrest and at the time of booking, arguing that the telephone was searched without probable cause or his consent, in violation of the Fourth

and Fourteenth Amendments to the United States Constitution, art. 14 of the Massachusetts Declaration of Rights, and G. L. c. 276.[1] A judge in the Boston Municipal Court denied the motion after an evidentiary hearing. A single justice allowed the defendant's application for leave to file an interlocutory appeal pursuant to Mass. R. Crim. P. 15 (a) (2), as appearing in 422 Mass. 1501 (1996), and ordered the appeal to proceed in this court.

We decide only that on the particular facts of this case, where the defendant agrees his arrest was lawful and does not appear to challenge the seizure of his cellular telephone incident to that arrest, and where the officer performed only a limited search of the cellular telephone's recent call history for evidence directly relating to the crime for which the defendant was arrested, the defendant's motion to suppress properly was denied. In reaching this decision, we leave open for another day questions concerning whether, when a cellular telephone is validly seized incident to arrest, it may always, or at least generally, be searched without a warrant, and if so, the permissible extent of such a search.

1. *Background.* We recite the facts as found by the motion judge, supplemented by certain facts presented in the testimony of officers whom the judge implicitly found credible. See *Commonwealth* v. *Isaiah I.,* 448 Mass. 334, 337 (2007).

At approximately 5:46 P.M. on July 11, 2011, Officer Peter Fontanez and Detective John A. McCarthy, two officers in the drug control unit of the Boston police department, were conducting a drug investigation in the Orient Heights neighborhood of the East Boston section of Boston. The officers saw the defendant standing at a street corner, and Officer Fontanez noticed that the defendant was talking on his cellular telephone and apparently waiting for or looking for someone. Both officers recognized the defendant and knew he had two outstanding warrants relating to drug charges. After a couple of minutes, Officer Fontanez observed the defendant enter a vehicle at the corner of Meridian and Falcon Streets; the vehicle was driven by a woman, and Dennis Claiborne, whom Officer Fontanez

---

[1] In his motion, the defendant sought to suppress other evidence as well, but his sole focus on appeal is the warrantless search of his cellular telephone.

also recognized and knew to be a drug user, was a passenger in the front seat. While the car drove around the block, Officer Fontanez observed the defendant and Claiborne conduct what appeared to be an exchange and saw the defendant "stuff[] something" into his right pants pocket. The driver then dropped off the defendant close to where she had picked him up. Based on the officers' training and prior experience, they believed a drug transaction had occurred. Officer Fontanez then approached the defendant and placed him under arrest on the outstanding warrants. Detective McCarthy approached the vehicle and recovered cocaine from Claiborne, who provided Detective McCarthy with his cellular telephone number.

Following the defendant's arrest and transport to the police station, Officer Fontanez booked the defendant and seized $364 that the defendant had with him as well as his cellular telephone. After booking, Detective McCarthy conducted a few "simple manipulations" of the cellular telephone, which he believed to be a "flip phone," to "check" the list of incoming and outgoing calls. Based on his experience, Detective McCarthy knew cellular telephones were often used in the drug business. He discovered that the recent call log displayed several received calls from the number associated with Claiborne's cellular telephone.

In his memorandum of decision, the motion judge concluded that the search of the defendant's cellular telephone was a lawful search incident to arrest. The judge wrote that no appellate decision in Massachusetts has addressed the question whether an officer can conduct a warrantless search of a suspect's cellular telephone after his arrest, but noted that several Federal District Courts and circuit courts of the United States Court of Appeals have held that it is consistent with the Fourth Amendment for police generally to search cellular telephones incident to arrest. The judge determined that because the defendant's arrest was lawful, the detective had the right to perform a search incident to that arrest, and that because the cellular telephone was lawfully seized during the search, he had the right to search its contents.

2. *Discussion.* The defendant claims that warrantless search of his cellular telephone at the time of his booking violated both

the Fourth Amendment to the United States Constitution[2] and art. 14 of the Massachusetts Declaration of Rights.[3] "In reviewing a ruling on a motion to suppress, we accept the judge's subsidiary findings of fact unless they are clearly erroneous but independently review the judge's ultimate findings and conclusions of law." *Commonwealth* v. *Anderson*, 461 Mass. 616, 619, cert. denied, 133 S. Ct. 433 (2012), citing *Commonwealth* v. *Scott*, 440 Mass. 642, 646 (2004). "[O]ur duty is to make an independent determination of the correctness of the judge's application of constitutional principles to the facts as found." *Commonwealth* v. *Bostock*, 450 Mass. 616, 619 (2008), quoting *Commonwealth* v. *Mercado*, 422 Mass. 367, 369 (1996).

The United States Supreme Court has stated that "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment — subject only to a few specifically established and well-delineated exceptions." *Katz* v. *United States*, 389 U.S. 347, 357 (1967). See *Commonwealth* v. *Bostock*, 450 Mass. at 623-624, quoting *Commonwealth* v. *Cast*, 407 Mass. 891, 901 (1990). "[A] search incident to a lawful arrest" is one of these "well settled" exceptions. *United States* v. *Robinson*, 414 U.S. 218, 224, 233 (1973). *Weeks* v. *United States*, 232 U.S. 383, 392 (1914). "It is the fact of the lawful arrest which establishes the authority to search, and . . . in the case of a lawful custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a 'reasonable' search under that Amendment." *United States* v. *Robinson, supra* at 235.

The search-incident-to-arrest exception "has traditionally been justified by the reasonableness of searching for weapons, instruments of escape, and evidence of crime when a person is

---

[2]The Fourth Amendment to the United States Constitution provides: "The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

[3]Article 14 of the Massachusetts Declaration of Rights provides: "Every subject has a right to be secure from all unreasonable searches, and seizures, of his person, his houses, his papers, and all his possessions."

taken into official custody and lawfully detained."[4] *United States* v. *Edwards*, 415 U.S. 800, 802-803 (1974). See *United States* v. *Robinson*, 414 U.S. at 230-234; *Chimel* v. *California*, 395 U.S. 752, 762-763 (1969). This court has similarly explained: "The purpose, long established, of a search incident to an arrest is to prevent an individual from destroying or concealing evidence of the crime for which the police have probable cause to arrest, or to prevent an individual from acquiring a weapon to resist arrest or to facilitate an escape. A search incident to arrest, similar to the search of a person pursuant to a warrant, generally is limited for purposes of both the Fourth Amendment . . . and art. 14 . . . , to the body of the person arrested and the area and items within his or her immediate possession and control at the time." *Commonwealth* v. *Santiago*, 410 Mass. 737, 743 (1991), and cases cited.

The defendant does not challenge these general principles, but argues that cellular telephones are different from other types of items a person might be carrying on his person at the time of arrest on account of the telephone's capacity to store vast quantities of private information. And because cellular telephones are inherently different, the defendant claims, they must be treated differently under the Fourth Amendment and art. 14.

Neither this court nor the Supreme Court has addressed whether the contents of cellular telephones may be searched in whole or in part incident to a lawful arrest.[5] We decline the defendant's invitation to venture very far into this thicket because there is

---

[4]At the motion hearing, the Commonwealth contended that exigent circumstances justified the search of the cellular telephone's contents, explaining that it is possible for such telephones to be programmed to delete information periodically. The Commonwealth has not repeated the argument here.

[5]Many other courts have considered this question, however. A majority of the appellate decisions in other States as well as decisions of various Federal courts appear to conclude that cellular telephones do not possess special characteristics that remove them from the general framework enunciated by the Supreme Court in the *Edwards, Robinson,* and *Chimel* line of cases — see *United States* v. *Edwards*, 415 U.S. 800, 802-803 (1974); *United States* v. *Robinson*, 414 U.S. 218, 234-235 (1973); *Chimel* v. *California*, 395 U.S. 752, 762-763 (1969) — concerning the seizure and examination of items found on or within the immediate control of one who is searched incident to a valid arrest. See, e.g., *United States* v. *Flores-Lopez*, 670 F.3d 803, 810 (7th Cir. 2012); *United States* v. *Murphy*, 552 F.3d 405, 411-412 (4th Cir.), cert. denied, 129 S. Ct. 2016 (2009); *United States* v. *Finley*, 477 F.3d 250, 259-260 (5th

no need to do so in order to decide this case. Whatever may be said of a cellular telephone search in other contexts, the facts here make clear that Detective McCarthy's limited search of the recent call list on the defendant's cellular telephone was permissible under both the Fourth Amendment and art. 14.

In *Commonwealth* v. *Madera*, 402 Mass. 156, 159-161 (1988) (*Madera*), this court upheld the search of a gym bag carried by the defendant at the time of his arrest as a search incident to arrest that was permissible under the Fourth Amendment, art. 14, and G. L. c. 276, § 1.[6] In so holding, we first concluded that the search was clearly permissible under the Fourth Amendment, and then turning to art. 14, we explained: "The police are entitled to a bright line rule that permits them, even in the absence of exigent circumstances, to search a bag carried by a person whom they lawfully arrest on probable cause, or otherwise, where there is also probable cause to believe that the bag contains evidence of the crime for which the arrest was made. Because art. 14 does not forbid such a rule, the search of the defendant's bag was lawful under art. 14."[7] *Id.* at 158, 161. See *Commonwealth* v. *Netto*, 438 Mass. 686, 696 (2003) (applying *Mad-*

---

Cir.), cert. denied, 549 U.S. 1353 (2007); *United States* v. *Wurie*, 612 F. Supp. 2d 104, 109-110 (D. Mass. 2009), and cases cited; *United States* v. *Deans*, 549 F. Supp. 2d 1085, 1094 (D. Minn. 2008); *United States* v. *Mercado-Nava*, 486 F. Supp. 2d 1271, 1276-1279 (D. Kan. 2007), and cases cited; *United States* v. *Parada*, 289 F. Supp. 2d 1291, 1303-1304 (D. Kan. 2003); *People* v. *Diaz*, 51 Cal. 4th 84, 96-101, cert. denied, 132 S. Ct. 94 (2011); *Fawdry* v. *State*, 70 So. 3d 626, 630 (Fla. Dist. Ct. App. 2011).

However, a minority of courts addressing the issue have concluded that warrantless searches of cellular telephones violate the Fourth Amendment, either because the searches occurred in circumstances where concern for officer safety or preservation of relevant evidence did not exist, or because the courts determined that cellular telephones fall outside the exception of a search incident to arrest on account of the large amount of personal information contained in such telephones. See, e.g., *United States* v. *Quintana*, 594 F. Supp. 2d 1291, 1299-1300 (M.D. Fla. 2009); *State* v. *Smith*, 124 Ohio St. 3d 163, 166-169 (2009), and cases cited.

[6]General Laws c. 276, § 1, provides in relevant part: "A search conducted incident to an arrest may be made only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made, in order to prevent its destruction or concealment; and removing any weapons that the arrestee might use to resist arrest or effect his escape. Property seized as a result of a search in violation of the provisions of this paragraph shall not be admissible in evidence in criminal proceedings."

[7]We also considered in *Commonwealth* v. *Madera*, 402 Mass. 156, 159

*era* to uphold police search of defendants' pocketbook, bag, and clothing seized at scene of arrest and searched after booking where probable cause existed that items contained evidence of crimes for which defendants were arrested); *Commonwealth* v. *Clermy*, 421 Mass. 325, 330-331 (1995) (applying *Madera* to uphold police search of pill bottle seized at scene of arrest for narcotics violation: "It is eminently reasonable to infer that a prescription bottle carried in this manner would contain contraband, and, most probably, a controlled substance," and therefore, "the opening of the container was a valid search incident to arrest"); *Commonwealth* v. *DePina*, 75 Mass. App. Ct. 842, 849 (2009) (officer lawfully answered cellular telephone seized pursuant to search warrant as "search . . . for evidence of the crime for which [the defendant] was arrested"); *Commonwealth* v. *Mendes*, 46 Mass. App. Ct. 581, 589-590 (1999) (warrantless search of recent message on pager seized pursuant to lawful arrest justified because pager contained evidence of crime for which arrest was made). Contrast *Commonwealth* v. *Santiago*, 410 Mass. at 742-744 (warrantless search of defendant's car not justified as lawful search incident to arrest where officers had escorted defendant into his apartment before police searched car and seized contraband from it).

This case falls squarely within the scope of *Madera*. The evidence at issue here consists of the contents of the recent call list on the defendant's cellular telephone.[8] The defendant does not appear to dispute that the cellular telephone itself — the physical object — was seized properly during a permissible search incident to his lawful arrest. More to the point, like the

---

(1988) (*Madera*), whether the search of the defendant's gym bag was proscribed by G. L. c. 276, § 1. We noted that this statute specifically "requires the exclusion of evidence (not otherwise admissible) of an unrelated crime found during a search incident to a lawful arrest unless the search was conducted to gather evidence of the first crime or to look for weapons," *id.*, but that the statute had not been considered to put any limits on "the admissibility of evidence of the crime for which the defendant was lawfully arrested that was found during a search incident to that arrest." *Id.*

[8] It is significant that the search performed was a simple examination of the recent call list, and that no further intrusion into the telephone's contents occurred. As discussed in the text, *infra*, there is no need in this case to consider whether a more extensive search of the cellular telephone or even a limited search of a different feature of the telephone would have been permissible.

police in *Madera*, 402 Mass. at 158, 160-161, the officers here had probable cause to believe the telephone's recent call list would contain evidence relating to the crime for which he was arrested: Officer Fontanez had seen the defendant using the cellular telephone just before the observed drug transaction between the defendant and Claiborne took place; the police recognized Claiborne as a drug user and recovered cocaine from Claiborne; and Detective McCarthy testified that based on his experience, telephones are commonly used in the drug trade. Thus, the search of the call list in this case was a valid search incident to arrest.[9]

We do not suggest that the assessment necessarily would be the same on different facts, or in relation to a different type of intrusion into a more complex cellular telephone or other information storage device. Determination of the reasonableness of a search "requires a balancing of the need for the particular search against the invasion of personal rights that the search entails. Courts must consider the scope of the particular intrusion, the manner in which it is conducted, the justification for initiating it, and the place in which it is conducted." *Bell* v. *Wolfish*, 441 U.S. 520, 559 (1979). As other courts have noted, see, e.g., *United States* v. *Flores-Lopez*, 670 F.3d 803, 805-806 (7th Cir. 2012); *State* v. *Smith*, 124 Ohio St. 3d 163, 167-169 (2009), today's cellular telephones are essentially computers, capable of storing enormous quantities of information, personal, private, and otherwise, in many different forms. They present novel and important questions about the relationship between the modern doctrine of search incident to arrest and individual privacy rights. Although an individual's reasonable expectation of privacy

---

[9]The validity of the search at issue here does not turn on whether it was conducted at the scene of the defendant's arrest or at the police station during booking. See *United States* v. *Edwards*, 415 U.S. at 807 (affirming principle that "once the accused is lawfully arrested and is in custody, the effects in his possession at the place of detention that were subject to search at the time and place of his arrest may lawfully be searched and seized without a warrant even though a substantial period of time has elapsed between the arrest and subsequent administrative processing, on the one hand, and the taking of the property for use as evidence, on the other"). Cf. *Commonwealth* v. *Netto*, 438 Mass. 686, 696 n.13 (2003) (upholding search of defendants' bag, pocketbook, and clothing found in motel room in which they were arrested even though part of search occurred after officers had returned with these items to police station).

is diminished concerning his or her physical person when subject to a lawful arrest and taken into custody, the same may not necessarily be true with respect to the privacy of the myriad types of information stored in a cellular telephone that he or she is carrying at the time of arrest. See *People* v. *Diaz*, 51 Cal. 4th 84, 110 (Werdegar, J., dissenting), cert. denied, 132 S. Ct. 94 (2011). However, we do not need to consider these questions in the present case.

3. *Conclusion.* For the reasons discussed, we hold that the limited search of the defendant's cellular telephone to examine the recent call list was a permissible search incident to the defendant's lawful arrest. The denial of the defendant's motion to suppress evidence is affirmed, and the case is remanded to the Boston Municipal Court for further proceedings consistent with this opinion.

*So ordered.*

GANTS, J. (concurring). I agree with the court's holding that the search of the defendant's "call list" on his cellular telephone was a valid search incident to arrest. *Ante* at 798. I write separately because, for two reasons, I worry that misunderstandings may arise from the court's apparent reliance on the bright-line rule announced in *Commonwealth* v. *Madera*, 402 Mass. 156, 158 (1988) (*Madera*).

First, I believe we have yet to decide whether this "bright-line rule" is simply a safe harbor, or a constitutional requirement under art. 14 of the Massachusetts Declaration of Rights whose violation will result in suppression. At a minimum, *Madera* declares that, where the police have both probable cause to arrest and probable cause to believe that a container carried by the arrestee will yield evidence of the crime for which the arrest is made, the police need not fear that a search incident to arrest of that container will be suppressed. I know of no case where we have considered the admissibility of evidence found in a container searched incident to arrest when there was probable cause to arrest and the search was made for the purpose required in G. L. c. 276, § 1,[1] but there was not probable cause that the

---

[1] Under G. L. c. 276, § 1, a search of a container incident to arrest may be

container would yield evidence of the crime of arrest.[2] We must await a case where the defendant moved to suppress evidence on this ground to decide whether this "bright-line rule" is required under art. 14.

Second, for the reasons set forth in the court's opinion, the "bright-line rule" in *Madera* does not provide a safe harbor to conduct a search incident to arrest of text messages or electronic mail messages (e-mail) that may be found in a "smart" cellular telephone (smartphone) found on the arrestee's person. The search in this case was permissible because it was limited to a search of the telephone numbers recently called from that telephone, a search that is not particularly invasive of privacy. See *Smith* v. *Maryland*, 442 U.S. 735, 743-744 (1979) (individual has no reasonable expectation of privacy in numbers dialed on his telephone). We have wisely not yet ruled whether a more intrusive search of a smartphone, or any other device capable of storing highly personal information, may be conducted as a search incident to arrest, even where the police may have probable cause to believe that evidence of the crime of arrest may be found in the text messages, e-mails, or other data storage areas of the telephone where an individual maintains a reasonable expectation of privacy. See *United States* v. *Flores-Lopez*, 670 F.3d 803, 809-810 (7th Cir. 2012) (invasive cellular telephone searches may require greater police justification).

---

made "only for the purposes of seizing fruits, instrumentalities, contraband and other evidence of the crime for which the arrest has been made."

[2]As the court notes, both *Commonwealth* v. *Netto*, 438 Mass. 686, 696 (2003), and *Commonwealth* v. *Clermy*, 421 Mass. 325, 330-331 (1995), applied *Commonwealth* v. *Madera*, 402 Mass. 156, 160-161 (1988) (*Madera*), and did not result in suppression of evidence because there was probable cause to believe the container would yield evidence of the crime of arrest. *Ante* at 795-796. Three of our cases that cite to *Madera* resulted in suppression. However, none of them resulted in suppression because there was not probable cause to believe the container would yield evidence of the crime of arrest. See *Commonwealth* v. *Blevines*, 438 Mass. 604, 609-610 (2003) (search not made for purpose required in G. L. c. 276, § 1, because police had no information suggesting vehicle searched had any connection to criminal activity); *Commonwealth* v. *Straw*, 422 Mass. 756, 758 (1996) (relying on application of Federal Constitution to suppress fruits of search of item abandoned by defendant at time of arrest); *Commonwealth* v. *Santiago*, 410 Mass. 737, 742-743 (1991) (evidence found in automobile suppressed because its search was not within allowable scope of search incident to arrest).