NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

22-P-110

COMMONWEALTH

vs.

ALLEN BOLDEN.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, Allen Bolden, pleaded guilty to breaking and entering a building in the daytime with the intent to commit a felony, G. L. c. 266, § 18, and being a common and notorious thief, G. L. c. 266, § 40, reserving the right to challenge the denial of his motion to suppress evidence. Concluding that police had reasonable suspicion to stop the defendant and that a search of the defendant's backpack was justified as a search incident to arrest, we affirm.

1. Standard of review. "In reviewing the denial of a motion to suppress, we 'accept[] the judge's subsidiary findings of fact absent clear error, give[] substantial deference to the judge's ultimate findings and conclusions of law, but independently review[] the correctness of the judge's application of constitutional principles to the facts found.'"

Commonwealth v. Quinones, 95 Mass. App. Ct. 156, 158-159 (2019), quoting Commonwealth v. Lujan, 93 Mass. App. Ct. 95, 100 (2018).

2. The stop. "To justify an investigatory stop under the Fourth Amendment to the United States Constitution or art. 14 of the Massachusetts Declaration of Rights, 'the police must have reasonable suspicion that the person has committed, is committing, or is about to commit a crime.'" Commonwealth v. Vick, 90 Mass. App. Ct. 622, 625 (2016), quoting Commonwealth v. Costa, 448 Mass. 510, 514 (2007). "Reasonable suspicion 'must be grounded in specific, articulable facts and reasonable inferences [drawn] therefrom rather than on a hunch.'" Commonwealth v. Matta, 483 Mass. 357, 365 (2019), quoting Commonwealth v. DePeiza, 449 Mass. 367, 371 (2007). It "is measured by an objective standard, [considering] the totality of the facts." Commonwealth v. Karen K., 491 Mass. 165, 174 (2023), quoting Commonwealth v. Meneus, 476 Mass. 231, 235 (2017).

Here, when the victim called 911 to report "someone breaking into [her] apartment," she initially described the defendant as a white male, in his twenties, wearing a black coat, a knit hat, and a gray backpack. The victim's description of the defendant improved as she watched him over her surveillance camera. After telling the dispatcher "maybe he's actually Hispanic or African-American, it's hard to say . . . he

2

has something covering his mouth . . . a scarf," the victim described the defendant as an African-American male wearing jeans and a dark coat, and covering his mouth.

Within one minute after the defendant left the victim's apartment, police arrived on scene. An officer saw the defendant approximately 433 feet away from the victim's apartment and stopped him.[1] See Commonwealth v. Acevedo, 73 Mass. App. Ct. 453, 458 (2009) (reasonable suspicion supported by "the proximity of the suspects to the scene of the crime, the minor lapse of time [three minutes] between the report of the crime and [the detective's] observation of the suspects"). Contrast Commonwealth v. Warren, 475 Mass. 530, 536 (2016) ("defendant was stopped one mile from the scene of the crime approximately twenty-five minutes after the victim's telephone call to the police").

At the moment the officer stopped the defendant, the active description was that the suspect was a light skinned, Black male with a scarf over his face, wearing a dark coat, a gray backpack, and a knit hat.[2] The defendant was a light skinned,

---

[1] The officer who stopped the defendant arrived on the scene within two minutes after the defendant left the victim's apartment.

[2] After the defendant was stopped, the dispatcher informed police that the defendant had a black pair of gloves. The absence of the gloves from the description at the time of the stop does not eliminate reasonable suspicion. See Commonwealth v. Privette, 491 Mass. 501, 519 (2023) (stop supported by reasonable

Black male with a cloth over his neck, wearing a dark coat, a gray backpack, and a knit hat. This was a better and more specific match than "two black males wearing the ubiquitous and nondescriptive 'dark clothing,' and one black male wearing a 'red hoodie,'" Warren, 475 Mass. at 535, or "the description of the suspect as a 'black male with a black ¾ length goose [jacket]' [which] could have fit a large number of men," Commonwealth v. Cheek, 413 Mass. 492, 496 (1992). Although the defendant was stopped in a busy area in Boston, an officer testified that there was no one else in the immediate vicinity matching that description. See Commonwealth v. Bostock, 450 Mass. 616, 619 (2008) ("the police, having canvassed the area, had found no one else matching those descriptions"). In this case, "[t]he similarity of the physical description of the suspect to the defendant, the temporal and physical proximity of the defendant to the scene of the [crime], and the context of the stop gave rise to reasonable suspicion." Commonwealth v. Privette, 491 Mass. 501, 519 (2023).

3. Search incident to lawful arrest. "Once a custodial arrest occurs, as did here, no additional justification is required for a search of the person for weapons that otherwise might be used to resist arrest or to escape, or to discover

suspicion "with or without the information that the suspect had facial hair").

4

evidence of the crime for which the arrest was made." Commonwealth v. Prophete, 443 Mass. 548, 552 (2005).[3] This type of search must be limited "to the body of the person arrested and the area and items within his or her immediate possession and control at the time." Commonwealth v. Phifer, 463 Mass. 790, 794 (2012), quoting Commonwealth v. Santiago, 410 Mass. 737, 743 (1991). Police "may secure the arrestee and then safely search the area within his immediate control at the moment of arrest." Commonwealth v. Figueroa, 468 Mass. 204, 216 (2014). A search incident to arrest requires that the arrest be supported by "probable cause to believe that the individual arrested is committing or has committed a criminal offense." Commonwealth v. Jackson, 464 Mass. 758, 761 (2013).

Here, the search of the defendant's backpack was justified as a search incident to a lawful arrest. See Commonwealth v. Villagran, 477 Mass. 711, 719 (2017), quoting G. L. c. 276, § 1 ("Under our law, [the officer] could have searched the backpack for the 'fruits, instrumentalities, contraband and other evidence of the crime . . . and remov[ed] any weapons that the arrestee might use to resist arrest or effect his escape'").

---

[3] The Commonwealth did not raise this ground justifying the search before the motion judge, but we "may affirm a suppression decision on any ground supported by the record, even if neither the parties nor the judge relied on it below." Commonwealth v. Rosado, 84 Mass. App. Ct. 208, 217 (2013).

5

When the victim reported the breaking and entering, she saw that the defendant was "stealing [her] . . . Amazon Kindle Fire"[4] and that he "took anything he could stuff into his backpack, including all of [her] quarters" and possibly her laptop. Within twenty minutes after the defendant was stopped, the victim identified the defendant based on his clothing and the backpack that he was wearing. The detective testified that, "at that point, [the defendant] was placed under arrest." Although the police looked in the backpack before the victim identified the defendant, they did not show the contents of the backpack to the victim until after the defendant was arrested. Once police had probable cause to arrest the defendant for the breaking and entering, based on the victim's in-person identification, they were entitled to search his backpack for the stolen goods. See Commonwealth v. Kipp, 57 Mass. App. Ct. 629, 632 (2003). Cf. Jackson, 464 Mass. at 766 (because officers lacked probable cause to arrest, "the subsequent search of the defendant's person and backpack was not justified as a search incident to a

---

[4] The Amazon Kindle Fire is a "tablet computer and e-reader." Huizenga v. Gwynn, 225 F. Supp. 3d 647, 651 (E.D. Mich. 2016).

6

lawful arrest").  Accordingly, the search of the backpack was a valid search incident to arrest.[5]

Order denying motion to suppress affirmed.

By the Court (Massing, Ditkoff & Singh., JJ.[6]),

*Joseph F. Stanton*

Clerk

Entered:  June 5, 2023.

---

[5] The defendant suggests in passing that the patfrisk of his person was unlawful, but nothing in the record suggests that any evidence to be suppressed was recovered from his person.

[6] The panelists are listed in order of seniority.