NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-764

COMMONWEALTH

vs.

FRED BASKIN.[1]

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

After a bench trial in the Superior Court, the defendant appeals from convictions arising from an armed robbery carried out with a knife.[2]  The defendant argues that evidence introduced at trial was obtained pursuant to an unlawful search and that

---

[1] As is our custom, we use the version of the defendant's name as it appears in the indictments.

[2] The defendant was convicted of nine separate counts:  two counts of assault and battery by means of a dangerous weapon, G. L. c. 265, § 15A (b); assault and battery by means of a dangerous weapon causing serious bodily injury, G. L. c. 265, § 15A (c) (i); assault by means of a dangerous weapon, G. L. c. 265, § 15B (b); two counts of assault and battery, G. L. c. 265, § 13A (a); strangulation or suffocation, G. L. c. 265, § 15D (b); breaking and entering in the nighttime for a felony, G. L. c. 266, § 16; and armed robbery, G. L. c. 265, § 17.

his pretrial motion to suppress was, therefore, erroneously denied. We affirm.[3]

Background. "We set forth the facts found by the motion judge, supplemented with uncontroverted testimony from the suppression hearing that does not detract from the judge's ultimate findings.'" Commonwealth v. Earl, 102 Mass. App. Ct. 664, 668-669 (2023), quoting Commonwealth v. Garner, 490 Mass. 90, 93-96 (2022). In January 2017, a warrant for the defendant's arrest was issued, and State police troopers were dispatched to take him into custody at his place of employment. The troopers were not the investigating officers, but they knew that the defendant was suspected of committing a violent assault and armed robbery in a nearby hotel eight days earlier. They knew that the defendant regularly carried a knife and that he had used a knife in the robbery and had stolen the victim's cell phone. Finally, the troopers knew that the defendant had a criminal record of violence toward police officers.

When the troopers arrived at the defendant's workplace, a manager confirmed that the defendant had been working and escorted the troopers to the break room area. The defendant was

---

[3] The defendant's direct appeal from his convictions and his appeal from the order denying his motion for a new trial were consolidated in this court. Because the defendant makes no separate argument in his brief concerning the denial of his motion for a new trial, the issue is waived. We therefore affirm the order denying the motion for a new trial.

standing near a vending machine and was wearing a small backpack, with both straps over his shoulders and the pack hanging behind him on his back.  The troopers informed the defendant that they had a warrant for his arrest and ordered him to turn around and put his hands behind his back.  The defendant did not comply, and a struggle ensued, which resulted in the troopers bringing him to the floor, placing him in handcuffs with his arms behind him, and pat frisking him.  They found no weapons on his person or in his clothing.  The troopers then removed the backpack from the defendant's back, taking it out of his reach, and performed a search of its contents.  The backpack contained a knife and two cell phones that were connected to the armed robbery.  The motion judge found that this was a valid search incident to arrest for either weapons or evidence relevant to the crime of arrest and denied the defendant's motion to suppress.

Discussion.  In reviewing a ruling on a motion to suppress, "we accept the judge's subsidiary findings of fact absent clear error but conduct an independent review of his ultimate findings and conclusions of law."  Commonwealth v. Silvelo, 486 Mass. 13, 15 (2020), quoting Commonwealth v. Perkins, 465 Mass. 600, 601 (2013).  We "leave to the judge the responsibility of determining the weight and credibility to be given oral testimony presented at the motion hearing."  Commonwealth v.

3

Yusuf, 488 Mass. 379, 385 (2021), quoting Commonwealth v. Balicki, 436 Mass. 1, 4 n.4 (2002).

The defendant was arrested pursuant to a warrant, and he contests the validity of the warrantless search of his backpack. "Warrantless searches are presumptively unreasonable, under both the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights, subject only to 'a few specifically established and well-delineated exceptions.'" Commonwealth v. Gouse, 461 Mass. 787, 792 (2012), quoting Commonwealth v. Bostock, 450 Mass. 616, 623-624 (2008). "Among the exceptions to the warrant requirement is a search incident to a lawful arrest" (citation omitted). Commonwealth v. Perkins, 465 Mass. 600, 605 (2013). Preventing the destruction of evidence related to the crime of arrest and removing weapons where reasonably necessary for officer safety are valid purposes for conducting a search incident to arrest. See G. L. c. 276, § 1; Commonwealth v. Santiago, 410 Mass. 737, 743 (1991).

In Massachusetts, there exists a "bright line rule" that police may, incident to a lawful arrest, "search a bag carried by a person . . . where there is also probable cause to believe that the bag contains evidence of the crime for which the arrest was made." Commonwealth v. Phifer, 463 Mass. 790, 795 (2012), quoting Commonwealth v. Madera, 402 Mass. 156, 161 (1988).

4

Probable cause is "not a high bar," and police need "only a fair probability that evidence of such a crime would be found in particular locations" (citations omitted). Commonwealth v. Dunn, 494 Mass. 42, 48 (2024). Here, the troopers had probable cause to believe evidence relevant to the armed robbery, i.e., a knife, would be inside the defendant's backpack.[4] They knew that a knife was used in the commission of the armed robbery and that the defendant regularly carried a knife. In fact, just prior to executing the arrest, they had been warned he would likely be carrying a knife. They pat frisked him and, discovering no knife, searched his backpack. The search of the backpack incident to the arrest was supported by probable cause and was lawful. See Phifer, supra at 795-796; Commonwealth v. Williams, 104 Mass. App. Ct. 498, 504-506 (2024).

The search was also justified as reasonably necessary for officer safety. The defendant relies on Arizona v. Gant, 556 U.S. 332, 343 (2009), a case involving an automobile search, for the proposition that the search incident to arrest exception does not apply when a suspect is handcuffed. Since Gant was decided, however, Massachusetts courts have decided cases outside of the automobile context that support the validity of

---

[4] The defendant's possession of a knife would be admissible in a trial for armed robbery carried out by knife to show he "had the means to commit the offense." Commonwealth v. James, 424 Mass. 770, 780 (1997).

5

the type of search at issue in this case under the Fourth Amendment to the United States Constitution and art. 14 of the Massachusetts Declaration of Rights.  In Commonwealth v. Figueroa, 468 Mass. 204, 215 (2014), the Supreme Judicial Court held that the "geographic scope" of a lawful search incident to arrest is the area within a defendant's immediate control at the moment of arrest and not the "grab area" at the time of the search when the defendant was restrained or handcuffed.  The court upheld the search of a backpack incident to arrest even though the arrestee was handcuffed at the time of the search. See id. at 216.  The court reasoned that it would undermine officer safety to require police "to seize all evidence within the arrestee's immediate control before securing the arrestee." Id. at 215.

Furthermore, this court recently decided a case involving the search of a backpack of a handcuffed defendant in which we applied Figueroa and distinguished Gant.  See Commonwealth v. Soto, 104 Mass. App. Ct. 806 (2024).[5]  In that case, we upheld the seizure and search of a backpack where officers first handcuffed the defendant and then searched a backpack that was in the defendant's immediate control at the time of his arrest because they had reason to believe it contained weapons.  Id. at

---

[5] The Supreme Judicial Court denied further appellate review.  See 495 Mass. 1107 (2025).

808.  We held that Figueroa and not Gant was controlling because, among other reasons, the safety concerns presented -- where officers responded to an ongoing crime and reasonably believed that the backpack might contain a weapon -- were much greater than those in Gant, in which officers searched an individual's car after he was arrested for driving with a suspended license.  Soto, supra at 813.  In this case, the troopers similarly had a reasonable belief that the backpack in question contained a weapon.  We are bound by Figueroa and Soto, notwithstanding any apparent tension between those cases and the holding in Gant.  See Commonwealth v. Vasquez, 456 Mass. 350, 357 (2010) (holding that unabrogated Supreme Judicial Court holdings must be applied by Massachusetts courts).

     For the foregoing reasons, the search of the backpack was a

lawful search incident to arrest, and the defendant's motion to suppress was properly denied.[6]

Judgments affirmed.

Order denying motion for new trial affirmed.

By the Court (Blake, C.J., Shin & Walsh, JJ.[7]),

*Paul Little*

Clerk

Entered: June 11, 2025.

---

[6] The defendant identifies the sufficiency of the evidence in his statement of the issues presented on appeal. Counsel for the defendant filed a Moffett notice and indicated that the defendant would be providing a brief. See Commonwealth v. Moffett, 383 Mass. 201, 208-209 (1981). He did not brief this aspect of his appeal, however, so we do not address it. See Mass. R. A. P. 16 (a) (9), as appearing in 481 Mass. 1628 (2019).

[7] The panelists are listed in order of seniority.