*Walter C. Green II, Brenda H. Trammell*, for appellee.

## S11G0644. HAWKINS v. THE STATE.

(723 SE2d 924)

HINES, Justice.

This Court granted certiorari to the Court of Appeals to consider whether that Court properly determined that a police officer's search of a cell phone incident to arrest was lawful. See *Hawkins v. State*, 307 Ga. App. 253 (704 SE2d 886) (2010). Finding that the majority opinion of the Court of Appeals reached the correct conclusion, we affirm.

This case arises from the arrest of Haley Hawkins for various crimes, including an attempted violation of the Georgia Controlled Substances Act following an exchange of telephone text messages between Hawkins and a law enforcement officer who posed as another individual. After agreeing by text to meet the officer, ostensibly to purchase illegal drugs, Hawkins arrived in her car at the appointed place; there, the officer observed her entering data into her cell phone, and he contemporaneously received a text message stating that she had arrived. The officer approached Hawkins's vehicle and placed her under arrest; her vehicle was searched and her cell phone was found inside her purse. The arresting officer searched the cell phone for the text messages he had exchanged with Hawkins, and then downloaded and printed them. Hawkins moved the trial court to suppress evidence of these text messages as the product of an unreasonable search and seizure because it was accomplished without the authority of a warrant; the motion was denied, and the Court of Appeals permitted an interlocutory appeal,

and affirmed the trial court.[1]

As the majority opinion of the Court of Appeals correctly noted,

> [a]s a general rule, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment[,] subject only to a few specifically established and well-delineated exceptions." *Katz v. United States*, 389 U. S. 347, 357 (88 SC 507, 19 LE2d 576) (1967). "Among the exceptions to the warrant requirement is a search incident to lawful arrest." *Arizona v. Gant*, 556 U. S. 332 (129 SC 1710, 1716 (II), 173 LE2d 485) (2009).

*Hawkins*, supra at 255 (1).[2]

As noted in *Gant*, in many instances, "the offense of arrest will supply a basis for searching the passenger compartment of an arrestee's vehicle *and any containers therein*," supra at 344 (III) (emphasis supplied), when "it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' [Cit.]" Id. at 343. See also *United States v. Ross*, 456 U. S. 798, 820-824 (IV) (102 SC 2157, 72 LE2d 572) (1982), regarding opening of containers found in the course of a lawful search. And, in this instance, it was clear from the officer's observations that evidence of the text messages Hawkins exchanged with the officer were in Hawkins's cell phone, and that the cell phone would be found in her vehicle. Accordingly, the Court of Appeals addressed the question of whether, for purposes of a search incident to arrest, the cell phone could be treated in the same manner as a traditional physical container, and found that it could. *Hawkins*, supra at 257.

Hawkins argues that the cell phone at issue cannot be treated as a container because it does not ordinarily contain another physical object. See *New York v. Belton*, 453 U. S. 454, 461, n. 4 (101 SC 2860, 69 LE2d 768) (1981) (" 'Container' here denotes any object capable of holding another object.") However, we agree with the majority opinion of the Court of Appeals that, although an electronic device, a cell phone is "roughly analogous" to a container that properly can be opened and searched for electronic data, similar to a traditional container that can be opened to search for tangible objects of evidence. *Hawkins*, supra at 257. This conclusion has been reached by other courts. See, e.g., *United States v. Finley*, 477 F3d 250, 260 (III) (B), n. 7 (5th Cir. 2007); *United States v. Wurie*, 612 FSupp.2d 104, 109 (D. Mass. 2009). The wisdom of this conclusion can be seen

---

[1] Further facts can be found in the opinion of the Court of Appeals. *Hawkins*, supra.

[2] There is no dispute that the arrest of Hawkins was lawful.

in the fact that a major focus of an examination into the propriety of a container search incident to arrest is the nature of the object of the search. See *Ross*, supra at 824 (Scope of the search is "defined by the object of the search and the places in which there is probable cause to believe that it may be found.") See also *Gant*, supra at 343-344 (III). And, in circumstances such as these, the similarity of a cell phone to a traditional container in which there might be found physical entities of evidence is clear; it is reasonable to believe that the object of the search will be found inside the cell phone.

The dissent in the Court of Appeals notes that a cell phone may contain large amounts of private information, including " 'recent-call lists, emails, text messages, and photographs.' [Cit.]" *Hawkins*, supra at 265 (Phipps, P. J., dissenting). However, we do not believe that the potential volume of information contained in a cell phone changes its character; it is an object that can store considerable evidence of the crime for which the suspect has been arrested, and that evidence may be transitory in nature.[3] And, the mere fact that there is a potentially high volume of information stored in the cell phone should not control the question of whether that electronic container may be searched. See *People v. Diaz*, 51 Cal. 4th 84, 96-97 (244 P3d 501) (Cal. 2011) ("If, as the high court held in [*United States v. Ross*, 456 U. S. 798 (102 SC 2157, 72 LE2d 572) (1982)], 'a traveler who carries a toothbrush and a few articles of clothing in a paper bag or knotted scarf (has) an equal right to conceal his possessions from official inspection as the sophisticated executive with the locked attaché case' [id. at 822], then travelers who carry sophisticated cell phones have no greater right to conceal personal information from official inspection than travelers who carry such information in 'small spatial container(s).' ").

However, the fact that a large amount of information may be in a cell phone has substantial import as to the scope of the permitted search; it requires, as the Court of Appeals majority noted, that "we must apply the principles set forth in traditional 'container' cases to searches for electronic data with great care and caution." *Hawkins*,

---

[3] Although there was no evidence regarding factual issues such as the potential for remote deletion of the information in Hawkins's cell phone, or continued storage of such information therein absent action, we note that other courts have recognized the potential for information stored in a cell phone or similar device to be lost if not captured quickly. See, e.g., *United States v. Ortiz*, 84 F3d 977, 984 (7th Cir. 1996) ("Because of the finite nature of a pager's electronic memory, incoming pages may destroy currently stored telephone numbers in a pager's memory."); *United States v. Parada*, 289 FSupp.2d 1291, 1303-1304 (D) (D. Kan. 2003) ("Because a cell phone has a limited memory to store numbers, the agent recorded the numbers in the event that subsequent incoming calls effected the deletion or overwriting of the earlier stored numbers. This can occur whether the phone is turned on or off . . . .").

supra at 257-258 (1).[4] And, the majority opinion of the Court of Appeals gave appropriate guidance regarding the scope of a search of a cell phone incident to arrest: the "search must be limited as much as is reasonably practicable by the object of the search. [Cit.]" Id. at 258. That will usually mean that an officer may not conduct a "fishing expedition" and sift through all of the data stored in the cell phone. Thus, when "the object of the search is to discover certain text messages, for instance, there is no need for the officer to sift through photos or audio files or Internet browsing history data stored [in] the phone." Id. at 259 (Footnote omitted). Accordingly, reviewing the reasonable scope of the search will largely be a fact-specific inquiry. Id. at 259, n. 6.

*Judgment affirmed. All the Justices concur.*

DECIDED MARCH 23, 2012.

*Langdale & Vallotton, Katherine A. Gonos*, for appellant.
*J. David Miller, District Attorney, Justo C. Cabral III, Jessica W. Clark, Assistant District Attorneys*, for appellee.

---

[4] The Court of Appeals has recently reiterated the caution expressed in *Hawkins*, although in the context of a search pursuant to a warrant. See *Henson v. State*, 314 Ga. App. 152, 157-158 (723 SE2d 456) (2012), which noted that "just because an officer has the authority to search the data stored on a personal computer . . . does not mean that he has the unbridled authority to sift through *all* of the data stored on the computer." (Citations and punctuation omitted; emphasis in original.)