UNPUBLISHED

COURT OF APPEALS OF VIRGINIA


Present:   Chief Judge Huff, Judges Decker and AtLee
Argued at Chesapeake, Virginia


ANTHONY LAMONT PURVIS

                                                    MEMORANDUM OPINION[*] BY
v.        Record No. 0921-14-1                      JUDGE RICHARD Y. ATLEE, JR.
                                                    FEBRUARY 23, 2016

COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
Jerrauld C. Jones, Judge

J. Barry McCracken, Assistant Public Defender, for appellant.

Steven A. Witmer, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


        Charged with cocaine distribution, Anthony Lamont Purvis moved to suppress evidence

discovered on his person, in his car, and in his home.  He alleged that his Fourth Amendment

rights were violated when police searched his car and his person with invalidly-obtained consent,

and later used the fruits of those searches to obtain a search warrant.[1]  He now appeals the trial

court's denial of his motion to suppress.[2]  We affirm.

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] Purvis's only challenge to the issuance of the search warrant for his residence is that the searches of his person and car were unreasonable and, therefore, that the fruits of those searches could not provide a basis for the issuance of a warrant.  He does not challenge the search of his residence on any other ground.

[2] Judge Jerrauld C. Jones accepted Purvis's conditional guilty plea in this case.  Judge Mary Jane Hall heard the motion to suppress that is the subject of this appeal.

## I. BACKGROUND

"In reviewing the denial of a motion to suppress evidence claiming a violation of a person's Fourth Amendment rights, we consider the facts in the light most favorable to the Commonwealth, the prevailing party at trial." Malbrough v. Commonwealth, 275 Va. 163, 168, 655 S.E.2d 1, 6 (2008).  So viewed, the facts are as follows.

On October 3, 2013, uniformed Officers McMullen and Smith of the Norfolk Police Department were on patrol in an unmarked police vehicle.  Shortly before 10:00 p.m., Officer McMullen activated the vehicle's emergency lights and siren and stopped a car after seeing it make an improper right turn from the center lane.[3]  He approached the car and found Purvis to be the driver.  Officer Smith approached a woman in the passenger seat and began speaking with her.  Officer McMullen saw that Purvis was nervous and that his hands were shaking.  When Officer McMullen asked for his license, Purvis admitted that it was suspended.  (The officer confirmed Purvis's license suspension.)  Officer McMullen then told Purvis that he "wasn't overly concerned with [Purvis's] driver's license being suspended due to his cooperation" and asked if he could search Purvis "and the vehicle for any weapons or narcotics that he might have on him or in the vehicle."  In response, Purvis exited the car and consented to a search of his person and his car.

Officer McMullen searched Purvis and Purvis's passenger, but found nothing incriminating.  During his search of the front passenger-side door of the car, however, Officer McMullen found a straw and a folded dollar bill inside a cigarette box, both containing a substance later confirmed to be cocaine residue.  While Purvis and the officers were still on the side of the road, Detective Carpenter of the Norfolk Police Department arrived.  Officer

---

[3] Purvis does not contest the validity of the stop.

McMullen advised Detective Carpenter that Purvis had given consent to search his person and his vehicle. Officer McMullen also informed Detective Carpenter of the suspected cocaine found in the vehicle. Detective Carpenter then approached Purvis, who was in handcuffs by this time, and asked him if his passenger "had given him anything illegal to hide during the traffic stop." Purvis replied in the affirmative, and Detective Carpenter proceeded to search him. When Purvis lifted his right pant leg, a bag fell to the ground, containing what Detective Carpenter suspected was cocaine. A field-test confirmed Detective Carpenter's suspicion. Purvis never revoked his consent for the search of the car or his person by either Officer McMullen or Detective Carpenter, nor did he limit the scope of these searches in any way.

Based on the cocaine found in the search of Purvis and his car, a search warrant was obtained and executed at Purvis's home. There, police found more cocaine, as well as packaging material, cutting agents, and a scale. Purvis was charged with distribution of cocaine. Officer McMullen did not charge Purvis with the improper turn or with driving on a suspended license.

Purvis moved to suppress the items found in the search of his person, vehicle, and home, alleging that his rights under the Fourth Amendment were violated. The trial court denied his motion. Purvis then entered a conditional guilty plea to the charge. The trial court accepted the conditional guilty plea, convicted him, and sentenced him to fifteen years in the penitentiary, suspending six years.

## II. ANALYSIS

The Fourth Amendment to the United States Constitution states:

> The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

Purvis does not challenge the stop of his vehicle for a traffic infraction. Nor does he disagree that his operator's license was suspended at the time he was stopped. Instead, Purvis argues that, "[h]aving elected to forgo further prosecution of the alleged traffic offenses, the officer's extension of the stop to investigate possible drug offenses without a reasonable and articulable basis to do so constituted an impermissible seizure of [Purvis]." We disagree with the premise underlying the assignment of error. Viewing Officer McMullen's actions objectively, we find that he had probable cause to arrest Purvis for driving on a suspended license, and thus to search his person incident to arrest. We also find that Officer McMullen obtained valid consent to search Purvis's vehicle. As such, Officer McMullen needed no additional suspicion to justify the searches.

## A. STANDARD OF REVIEW

In challenging a trial court's ruling that a search was reasonable under the Fourth Amendment, "[t]he burden is on the defendant to show that the trial court committed reversible error." Malbrough, 275 Va. at 168, 655 S.E.2d at 6. As an appellate court, "we give deference to the factual findings of the circuit court." Bay v. Commonwealth, 60 Va. App. 520, 535, 729 S.E.2d 768, 775 (2012) (quoting Brooks v. Commonwealth, 282 Va. 90, 94, 712 S.E.2d 464, 466 (2011)). Those findings are binding on appeal unless "plainly wrong or unsupported by the evidence." Malbrough, 275 Va. at 168, 655 S.E.2d at 7. However, "we independently determine whether the manner in which the evidence was obtained meets the requirements of the Fourth Amendment." Bay, 60 Va. App. at 535, 729 S.E.2d at 775 (quoting Brooks, 282 Va. at 94, 712 S.E.2d at 466). In making this independent determination, we apply a *de novo* standard of review to the overarching question of whether a seizure of evidence violated the Fourth Amendment. See Glenn v. Commonwealth, 275 Va. 123, 130, 654 S.E.2d 910, 913 (2008).

We analyze law enforcement officers' decisions regarding searches and seizures objectively. See Slayton v. Commonwealth, 41 Va. App. 101, 109, 582 S.E.2d 448, 451 (2003) ("Probable cause . . . turns only on '"objective facts," not the "subjective opinion" of a police officer.'" (quoting Golden v. Commonwealth, 30 Va. App. 618, 625, 519 S.E.2d 378, 381 (1999))). Generally speaking, in order for a warrantless search to be reasonable under the Fourth Amendment, it must be supported by probable cause or consent. See, e.g., Knight v. Commonwealth, 61 Va. App. 297, 312, 734 S.E.2d 716, 723-24 (2012).

## B. SEARCH OF PURVIS'S PERSON

### 1. Probable Cause to Arrest

Although Officer McMullen may have announced that he was subjectively unconcerned with Purvis's suspended license, objectively, Officer McMullen still had probable cause to believe that Purvis was driving on a suspended license. Driving on a suspended license in violation of Code § 46.2-301 is a misdemeanor offense for which an officer may arrest a suspect. In Virginia v. Moore, 553 U.S. 164 (2008), the United States Supreme Court confirmed: "When officers have probable cause to believe that a person has committed a crime in their presence, the Fourth Amendment permits them to make an arrest . . . ." Id. at 178.

It is immaterial to our analysis that Officer McMullen may have had some other, subjective, reason for effecting a seizure of Purvis's person, such as to investigate possible narcotics possession. An officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004). "[T]he Fourth Amendment's concern with 'reasonableness' allows certain actions to be taken in certain circumstances, *whatever* the subjective intent." Whren v. United States, 517 U.S. 806, 814 (1996); see also Poindexter v. Commonwealth, 16 Va. App. 730, 731-34, 432 S.E.2d 527, 528-30 (1993) (holding that an officer who executed a traffic stop

- 5 -

for speeding, then developed probable cause to believe the suspect was driving on a suspended license, and had the suspect exit the vehicle for that reason, was permitted to seize the drugs located during a subsequent confrontation with the suspect, even though the officer never arrested the suspect for the traffic charges that initially justified his seizure of the suspect); Slayton, 41 Va. App. at 109, 582 S.E.2d at 452 ("The absence of probable cause to believe a suspect committed the particular crime for which he was arrested does not necessarily invalidate the arrest if the officer possessed sufficient objective information to support an arrest on a different charge."). Accordingly, the objective existence of probable cause to arrest Purvis for driving on a suspended license rendered his ongoing seizure reasonable.

### 2. Authority to Search Incident to Arrest

Having the objective authority to arrest Purvis, Officer McMullen also possessed the objective right to search Purvis incident to arrest. A suspect who has been arrested is subject to search of his person incident to that arrest, because police officers are permitted "to search the suspect in order to safeguard evidence and ensure their own safety." Moore, 553 U.S. at 178; see Joyce v. Commonwealth, 56 Va. App. 646, 658, 696 S.E.2d 237, 243 (2010) ("The power to arrest is invariably coupled with the power to search incident to arrest."); see also Moore, 553 U.S. at 177 ("A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; *that intrusion being lawful*, a search incident to the arrest requires no additional justification." (quoting United States v. Robinson, 414 U.S. 218, 235 (1973))).

While "[i]t is axiomatic that an incident search may not precede an arrest *and serve as part of its justification*," Sibron v. New York, 392 U.S. 40, 63 (1968) (emphasis added), a search may permissibly precede the arrest to which it is incident as long as the arrest is independently supported by probable cause. "A constitutionally permissible search incident to arrest 'may be conducted by an officer *either before or after* the arrest.'" Joyce, 56 Va. App. at 657, 696 S.E.2d

at 242 (quoting <u>Italiano v. Commonwealth</u>, 214 Va. 334, 336, 200 S.E.2d 526, 528 (1973)); <u>see also</u> <u>Parker v. Commonwealth</u>, 255 Va. 96, 105-06, 496 S.E.2d 47, 53 (1998) ("The United States Supreme Court has stated that 'where the formal arrest followed quickly on the heels of the challenged search of petitioner's person, we do not believe it particularly important that the search preceded the arrest rather than vice versa." (quoting <u>Rawlings v. Kentucky</u>, 448 U.S. 98, 111 (1980))). Although Officer McMullen did not immediately place Purvis in handcuffs or tell him that he was under arrest, opting instead to seek consent for a search, this does not affect the validity of the searches of Purvis's person as incident to an arrest supported by probable cause.

Purvis was handcuffed, searched by Officer McMullen, and later searched by Detective Carpenter.[4] Regardless of the subjective reason behind Officer McMullen's and Detective Carpenter's searches of Purvis, those searches were justified by Officer's McMullen's objective authority to arrest Purvis for driving on a suspended license.[5] As such, the searches of Purvis's person were reasonable.

---

[4] The fact that the search of Purvis's person that ultimately yielded the large bag of cocaine was conducted by Detective Carpenter, and not Officer McMullen, is a distinction of no legal significance in this case. The probable cause to search incident to arrest was lawfully conveyed from Officer McMullen to Detective Carpenter, because "it is not necessary for the officers actually making the arrest or conducting the search to be personally aware of those facts." <u>Lawson v. Commonwealth</u>, 55 Va. App. 549, 555 n.2, 687 S.E.2d 94, 97 n.2 (2010) (quoting <u>White v. Commonwealth</u>, 24 Va. App. 234, 240, 481 S.E.2d 486, 489 (1997)).

[5] We are unaware of any restriction upon law enforcement officers that would prevent multiple searches incident to arrest. <u>See, e.g.</u>, <u>United States v. Edwards</u>, 415 U.S. 800, 804-05, 808-09 (1974) (upholding, as incident to arrest, the seizure and search of an arrestee's clothing, which was taken from him after he had spent the night in jail), <u>quoted with approval in</u> <u>Williams v. Commonwealth</u>, 259 Va. 377, 385-86, 527 S.E.2d 131, 135-36 (2000); <u>Curd v. City Court</u>, 141 F.3d 839, 843 (8th Cir. 1998) (noting that "[t]he timeliness requirement for [searching] 'luggage or other personal property *not* immediately associated with the person of the arrestee' is . . . constitutionally fairly strict" but that "searches of the person and [immediately associated] articles . . . are measured with a different, more flexible constitutional time clock" (emphasis added) (quoting <u>United States v. Chadwick</u>, 433 U.S. 1, 15 (1977))).

C.  Search of Purvis's Vehicle

Officer McMullen's search of Purvis's vehicle is justified not as a search incident to arrest,[6] but because Purvis granted Officer McMullen permission to search his vehicle.  Purvis argues that this permission was tainted because, "McMullen lacked reasonable suspicion that [Purvis] was engaged in criminal activity at that time" and, thus, Purvis was under an illegal detention.  We do not agree.

As we have already determined, Officer McMullen had objective probable cause to arrest Purvis.  Accordingly, while Purvis may have been in custody when he gave consent to search his vehicle, he gave that consent during a lawful seizure rather than an unlawful one.  See 4 Wayne R. LaFave, Search and Seizure § 8.2(b), at 92 (5th ed. 2012) (stating that where police have sufficient legal grounds for a seizure, "the consent is not cast into doubt merely because the police nonetheless pursued the consent alternative instead of making the seizure and then conducting the investigation incident thereto").  Consent, to be effective, "must be voluntarily given."  Elliott v. Commonwealth, 61 Va. App. 48, 54, 733 S.E.2d 146, 149 (2012).  Whether consent is voluntary "is a question of fact to be determined from all the circumstances."  Bay, 60 Va. App. at 535, 729 S.E.2d at 775 (quoting Ohio v. Robinette, 519 U.S. 33, 40 (1996)).  The Commonwealth must prove voluntariness by a preponderance of the evidence.  Gray v.

---

[6] The search of an arrestee's vehicle no longer follows an arrest automatically, as a search incident to arrest.  In Arizona v. Gant, 556 U.S. 332 (2009), the Supreme Court held that officers were permitted to conduct a warrantless search of a vehicle incident to arrest "only when (1) the arrestee is 'within reaching distance of the vehicle' during the search, or (2) 'it is reasonable to believe the vehicle contains evidence of the offense of arrest.'"  Rivera v. Commonwealth, 65 Va. App. 379, 385, 778 S.E.2d 144, 147-48 (2015) (quoting Gant, 556 U.S. at 346).  This holding overruled, in part, the Supreme Court's decision in New York v. Belton, 453 U.S. 454 (1981), "which held that 'when a policeman has made a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile.'"  Id. (quoting Belton, 453 U.S. at 459-60).  In this instance, we have the consent of Purvis to search the vehicle, and need not assess this search as a search incident to arrest.

Commonwealth, 233 Va. 313, 327, 356 S.E.2d 157, 164 (1987). "The mere fact that a defendant is in custody is not enough in itself to demonstrate a coerced consent to search." Id. Rather, it is one fact among many that a court examines when it looks at "the totality of all the circumstances." Id. (quoting Schneckloth v. Bustamonte, 412 U.S. 218, 227 (1973)).

At best (for Purvis), Officer McMullen implied that he might not charge Purvis with driving on a suspended license if Purvis consented to a search, but "promises have generally been found insufficient to overbear a defendant's free will." Rodgers v. Commonwealth, 227 Va. 605, 616, 318 S.E.2d 298, 304 (1984). In United States v. Watson, 423 U.S. 411, 424 (1976), the Supreme Court discussed some of the factors at play in an analysis of consent:

> There was no overt act or threat of force against Watson proved or claimed. There were no promises made to him and no indication of more subtle forms of coercion that might flaw his judgment. He had been arrested and was in custody, but his consent was given while on a public street, not in the confines of the police station. Moreover, the fact of custody alone has never been enough in itself to demonstrate a coerced confession or consent to search.

See also LaFave, supra, § 8.2(b) (discussing factors for determining voluntariness of consent).

Some evidence at the suppression hearing was uncontradicted. The encounter occurred on the street, not in the station house. Only one officer interacted with Purvis, at least until after the consent was obtained. Nothing indicates that any law enforcement officer drew a gun or even raised a voice, or that anyone threatened Purvis in any way or asked him multiple times for consent. Other evidence, specifically that surrounding consent, was contested. Officer McMullen testified that Purvis gave consent for the search and did so before he exited the car, but Purvis testified that he did not give such consent and was handcuffed as soon as he exited the car. The trial court expressly resolved this conflict regarding consent against Purvis, announcing that "the contest of credibility has been won by the officers and not by Mr. Purvis." Thus, the evidence, viewed under the appropriate legal standard, established that Purvis consented to the

search and was not in handcuffs when he did so.  Later, the trial court said:  "I do believe that they can ask for consent to search a car . . . ."  Implicit in this factual finding is an acknowledgment that the consent was given voluntarily.  The evidence, viewed in the light most favorable to the Commonwealth, supports this factual finding of the trial court by a preponderance.

### III. CONCLUSION

The trial court did not err when it denied Purvis's motion to suppress.  The search of Purvis's person was justified as a search incident to arrest, and the search of Purvis's vehicle was consensual.  Since both the search of the vehicle and the search of Purvis's person were reasonable, the search of Purvis's home by way of a search warrant based on the fruits of the roadside searches was valid as well.[7]  We thus affirm Purvis's conviction.

<u>Affirmed</u>.

---

[7] See supra note 1.